## In re Mistake in Printing of Ballots, 1946 General Election

*Darlington Hoopes,* for petitioner.

*Dawson H. Muth,* for Berks County Board of Elections.

MAYS, P. J., SHANAMAN and HESS, JJ., October 17, 1946.—On Thursday, October 10, 1946, Elwood R. Keppley, a qualified elector of the County of Berks, petitioned this court to correct an alleged error in the printing of the ballots for the general election to be held November 5, 1946. The error is alleged to consist in the fact that upon the ballot the names of the political parties and political bodies have been arranged in the following order: Democratic, Republican, Prohibition, Socialist Labor, and Socialist.

The petitioner avers that the Socialist Party name should appear in the third place instead of the fifth, and prays for a rule upon James E. Lesher, Ralph G. Matthews and Edwin Kershner, sitting as the Berks County Board of Election, to correct the said mistake.

The court fixed 2 o'clock of the same day for hearing thereon at which time the parties appeared and

some testimony was taken. After consultation with the respective parties present, it was deemed necessary to notify the representatives of the Prohibition Party and the Socialist Labor Party, and a further hearing was fixed for Monday, October 14, 1946, at 9:30 a.m. At that time the Prohibition Party appeared in the person of its chairman and candidate for Governor of the Commonwealth, James A. W. Killip.

While no answers to the rule have been formally prepared and filed, both defendants and the chairman of the Prohibition Party objected to the court making an order as prayed for. The authority for this proceeding is claimed by petition under the Pennsylvania Election Code of June 3, 1937, P. L. 1333, art. X, sec. 1010, 25 PS §2970, which reads as follows:

"When it is shown by affidavit that mistake or omission has occurred the printing of official ballots or ballot labels for any primary or election, the court of common pleas of the proper county, or any judge thereof, may, upon the application of any qualified elector of the county, require the county board of elections to correct the mistake or omission, or to show cause why they should not do so."

There appears some doubt whether the section quoted is applicable to other than a clerical error.

In In re Sinclair's Nomination, 22 Dist. R. 1016, 61 Pitts. L. J. 141, where a similar provision was invoked and petitioner sought to have the court direct the county commissioners to print the name of Duncan Sinclair on the official ballot, although said substitute nomination was transmitted before the ballots were printed, the court concluded that the proceeding could not be sustained under the clause of the act quoted, and pointed out that since the commissioners refused so to do, "such cases always have been reached by mandamus and we are not satisfied that it was the intention of the legislature that the proceeding by mandamus

should be supplanted by a proceeding like the present one."

We are not here concerned with a mistake or omission on the part of the local county election board. The Secretary of the Commonwealth, as required by law, issued certificates which designate the order in which the political parties or political bodies should be arranged. It is incumbent upon a county election board before printing the ballots, under the Pennsylvania Election Code of June 3, 1937, P. L. 1333, supra, sec. 1110(*g*) to have the arrangement of voting machines and ballots approved by the Secretary of the Commonwealth: Lesniak v. Lawler et al., 30 D. & C. 424.

For this court now to declare in what order ballot labels shall be arranged upon voting machines would be a nullity inasmuch as the legislature has made it imperative upon the Secretary of the Commonwealth to approve the final arrangement. In other words, should this court order the relief prayed for under the section quoted, the Secretary of the Commonwealth who is not a party to this proceeding, could, when the ballot labels are submitted for his approval, nullify the court's order by refusing to approve such arrangement as we might decree.

To give the relief asked for by petitioner it would be necessary that some changes take place in the position of candidates certified by the Secretary of the Commonwealth for the various offices. To cite an example: Under the present certification of the Secretary of the Commonwealth, candidates of the Prohibition Party on the ballot labels are in line "c". Were this court by order upon the county election board to require that board to place the party square of the Socialist Party in third position, consequently reducing the Prohibition Party to fourth position in the party column, it would necessarily follow that the State candidates

of the Prohibition Party would also be placed in line "d" rather than in line "c".

The Pennsylvania Election Code, supra, sec. 984, requires the Secretary of the Commonwealth to "transmit to the county board of elections of each county, in which such election is to be held, an official list, certified by him, of all of the candidates. . . . to be voted for . . . substantially in the form of the ballots to be used therein, . . ."

This arrangement or order has been decided to be mandatory upon the election board of each county, and if any change is to be made, it is not for the local election board to make such change. In a case involving a similar provision of the former election laws of the Commonwealth it was held that the original action of the Secretary of the Commonwealth is conclusive until action taken either lawfully by the Secretary of the Commonwealth himself, or by an appropriate action in the Dauphin County court: Commonwealth ex rel. Albert v. Hard et al., County Commissioners, 2 D. & C. 520.

In the case of Davidowitz et al. v. Philadelphia County et al., 324 Pa. 17 (syllabus 6 and 7), the Supreme Court had to do with section 10 ($g$) of the Act of 1929 which is similar to the corresponding section of the Act of 1937. The court then held that:

"Section 10 ($g$) of the Act of 1929, which provides that the form and arrangement of ballot labels, to be used at any election, shall be determined by the Secretary of the Commonwealth, as nearly as may be in accordance with the provisions of the laws prescribing the form and arrangement of ballots in such election, and shall be furnished by him to the county commissioners, is mandatory."

The court further held:

"Under section 10 ($g$) of the Act of 1929, the Secretary of the Commonwealth may adjust any small differ-

ences as he, in his judgment, deems proper, but he must place all accredited political parties by party name and other political groups by political appellations on the first row on the left or top of the voting machines."

And now, to wit, October 17, 1946, rule discharged.